## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

-----------------------------------------------------------------------x

Michelle Peters

                Plaintiff,

                                          Case No.: 2:20-cv-18789

            -against-                         Demand for Trial by Jury

Equifax Information Services, LLC
Experian Information Solutions, Inc.,
Trans Union, LLC,
Wells Fargo Dealer Services, Inc.,
WebBank,
Webcollex, LLC,
d/b/a CKS Financial,

                     Defendant(s).

-----------------------------------------------------------------------x

## <u>COMPLAINT</u>

       Plaintiff Michelle Peters ("Plaintiff"), by and through her attorneys, and as for her Complaint against Defendant Equifax Information Service, LLC ("Equifax"), Defendant Experian Information Solutions, Inc., ("Experian"), Defendant Trans Union, LLC ("Trans Union"), Defendant Well Fargo Dealer Services, Inc., ("Wells Fargo"), Defendant WebBank ("WebBank"), and Defendant Webcollex, LLC d/b/a CKS Financial, ("CKS") respectfully sets forth, complains, and alleges, upon information and belief, the following:

## <u>JURISDICTION AND VENUE</u>

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq.*

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and the Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

4. Plaintiff also brings this action for damages arising from the Defendants who are debt collectors, violations of 15 U.S.C. § 1692 *et seq.*, commonly known as the Fair Debt Collections Practices Act ("FDCPA").

## **PARTIES**

5. Plaintiff is a resident of the State of New Jersey, County of Essex.

6. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

7. Defendant Equifax Information Services, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is registered to do business in the State of New Jersey, and may be served with process upon Corporation Service Company located at 100 Charles Ewing Blvd, Suite 160, Ewing, NJ 08628.

8. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

9.  At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

10. Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is an Ohio corporation registered to do business in the State of New Jersey, and may be served with process upon the Corporation Trust Company, located at 820 Bear Tavern Road, West Trenton, NJ 08628.

11. At all times material here to Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(p) to third parties.

12. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

13. Defendant Trans Union, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Trans Union is a Delaware corporation registered to do business in the State of New Jersey, and may be served with process upon the Prentice-Hall Corporation System, at 830 Bear Tavern Road, West Trenton, NJ, 08628.

14. At all times material here to Trans Union is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(p) to third parties.

15. At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

16. Defendant Well Fargo Dealer Services, Inc., is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service c/o Corporation Service Company, 100 Charles Ewing Blvd, Suite 160, Ewing, NJ 08628.

17. Defendant WebBank is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service c/o George Sutton, its registered agent for service of process, at Jones Waldo, 170 S. Main Street, Ste 1500, Salt Lake City, UT 84101.

18. Defendant Webcollex, LLC d/b/a CKS Financial is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service c/o Corporation Service Company, Princeton South Corporate Ctr., Suite 160, 100 Charles Ewing Blvd, Ewing, NJ 08628.

19. Defendant CKS Financial is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

20. Defendant CKS Financial was acting as a debt collector with respect to the collection of the Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Wells Fargo Account Dispute and Violation

22. On information and belief, on a date better known to Defendants Equifax and Trans Union ("the Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to her Wells Fargo account, (account 519670XXXX).

23. The inaccurate information furnished by Defendant Wells Fargo and published by the Bureaus is inaccurate since the account contains an incorrect payment status.

24. Specifically, the tradeline lists the payment status as 30 days past due. To the contrary, the account was paid and closed. Therefore, the payment status cannot be listed as 30 days past due.

25. The pay status is of significance. Listing a debt with a $0 balance owed, as 30 days past due is nonsensical. If no balance is owed, the consumer cannot be late paying that balance.  By continuing to report the account in this fashion, lenders believe the consumer is currently late, negatively reflecting on the consumers credit worthiness by impacting the credit score negatively.

26. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

27. Plaintiff notified the Bureaus that she disputed the accuracy of the information the Bureaus were reporting, on or around July 9, 2020 specifically stating in separate letters sent to each bureau that she was disputing the reporting of the Wells Fargo tradeline.

28. It is believed and therefore averred that the Bureaus notified Defendant Wells Fargo of the Plaintiff's disputes.

29. Upon receipt of the dispute of the account from Plaintiff by the Bureaus, Wells Fargo failed to conduct a reasonable investigation and continued to report false and inaccurate, adverse information on the consumer report of Plaintiff with respect to the disputed account.

30. Had Wells Fargo done a reasonable investigation, it would have been revealed to Wells Fargo that the payment status was being inaccurately reported.

31. Despite the dispute by Plaintiff that the information on her consumer report was inaccurate with respect to the disputed account, the Bureaus did not evaluate or consider any of the information, claims, or evidence of Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

32. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

33. Had the Bureaus done a reasonable investigation of the Plaintiff's dispute it would have been revealed to the Bureaus that the payment status was being reported inaccurately.

34. Furthermore, Defendant Equifax failed to conduct an investigation and send the Plaintiff the results of this investigation as required by law.

35. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

36. As of the date of the filing of this Complaint, Defendant Wells Fargo continues to furnish credit data which is inaccurate and materially misleading, and the Bureaus' reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

37. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

38. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file and a chilling effect on future applications for credit.

<u>WebBank Account Dispute and Violation</u>

39. On information and belief, on a date better known to Defendant Experian, Experian prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to her WebBank account, (account 636992XXXX).

40. The inaccurate information furnished by Defendant WebBank and published by Experian is inaccurate because the WebBank trade lines contain an incorrect past due balance.

41. For an account to be considered accurate according to the Metro-2 credit industry guidelines for a furnisher such as WebBank, an account that is charged off should have the same past due balance as the overall balance.

42. However, the account is listed as follows:

> Balance: $1,114
>
> Past Due: $592

43. When the balance and past due amounts do not match up, any payment made would only be subtracted from the total balance, inevitably causing confusion as to the amount owed for any potential creditors evaluating the consumers credit report, as well as potentially leaving a past due balance when the overall balance reaches zero.

44. Experian has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

45. Plaintiff notified Experian that she disputed the accuracy of the information being reported on or around July 9, 2020, specifically stating in a letter that she was disputing the reporting of the WebBank tradeline.

46. It is believed and therefore averred that Experian notified Defendant WebBank of the Plaintiff's dispute.

47. Upon receipt of the dispute of the accounts from Experian, WebBank failed to timely conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer reports of the Plaintiff with respect to the disputed account.

48. Had WebBank done a reasonable investigation it would have been revealed to WebBank that the account lists inconsistent and improper balances.

49. Furthermore, the verification of the credit reporting by WebBank to Experian amounts to a willful action and a clear failure to follow the Metro-2 guidelines that furnishers are required to follow.

50. Additionally, Defendant WebBank failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

51. Despite the dispute by Plaintiff that the information on her consumer report was inaccurate with respect to the disputed account, Experian did not evaluate or consider any of the information, claims, or evidence of Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

52. Experian violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

53. Had Experian done a reasonable investigation of the Plaintiff's dispute it would have been revealed to Experian that the past due amount was being reported inaccurately in relation to the total balance.

54. Experian's continued reporting of this account, inaccurately and contrary to the Metro-2 guidelines, amounts to willful violation of the FCRA.

55. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

56. As a result of Defendants' failure to comply with the FCRA, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## CKS Dispute and Violations

57. On information and belief, on a date better known to Defendants Equifax and Trans Union ("the Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to a CKS collection account, (account 187444X).

58. The inaccurate information furnished by Defendant CKS and published by the Bureaus is inaccurate as the open date listed is not correct.

59. An improper open date will cause the account to remain on the credit report for longer than legally allowable.

60. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

61. Plaintiff notified the Bureaus that she disputed the accuracy of the information the Bureaus were reporting, on or around July 9, 2020 specifically stating in separate letters sent to each bureau that she was disputing the reporting of the CKS tradeline.

62. It is believed and therefore averred that the Bureaus notified Defendant CKS of the Plaintiff's disputes.

63. Upon receipt of the dispute of the account from Plaintiff by the Bureaus, CKS failed to conduct a reasonable investigation and continued to report false and inaccurate, adverse information on the consumer report of Plaintiff with respect to the disputed account.

64. Had CKS done a reasonable investigation, it would have been revealed to CKS that the open date was being reported inaccurately.

65. Furthermore, Defendant CKS failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

66. Despite the dispute by Plaintiff that the information on her consumer report was inaccurate with respect to the disputed account, the Bureaus did not evaluate or consider any of the information, claims, or evidence of Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

67. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

68. Had the Bureaus done a reasonable investigation of the Plaintiff's dispute it would have been revealed to the Bureaus that the open date was being reported inaccurately.

69. Furthermore, Defendant Equifax failed to conduct an investigation and send the Plaintiff a formal reply to her dispute, as required under the law.

70. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

71. As of the date of the filing of this Complaint, Defendant CKS continues to furnish credit data which is inaccurate and materially misleading, and the Bureaus' reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

72. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

73. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file and a chilling effect on future applications for credit.

**FIRST CAUSE OF ACTION**

**(Willful Violation of the FCRA as to Experian)**

74. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

75. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

76. Experian violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

77. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

   g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

   h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

78. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

79. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

80. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Michelle Peters, an individual, demands judgment in her favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Experian)

81. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

82. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

83. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

84. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

85. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase One and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

86. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

87. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Michelle Peters, an individual, demands judgment in her favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION

### (Willful Violation of the FCRA as to Trans Union)

88. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

89. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

90. Trans Union violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Trans Union maintained concerning the Plaintiff.

91. Trans Union has willfully and recklessly failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

    a)  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b)  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

h) The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

92. As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

93. The conduct, action and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

94. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Michelle Peters, an individual, demands judgment in her favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## **FOURTH CAUSE OF ACTION**

### **(Negligent Violation of the FCRA as to Trans Union)**

95. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

96. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

97. Trans Union violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

98. Trans Union has negligently failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

h) The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

99. As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

100.    The conduct, action and inaction of Trans Union was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

101.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Michelle Peters, an individual, demands judgment in her favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

**<u>FIFTH CAUSE OF ACTION</u>**

**(Willful Violation of the FCRA as to Equifax)**

102.    Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

103.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

104.    Equifax violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

105.    Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

g) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

106. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

107. The conduct, action and inaction of Equifax was willful, rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

108. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Michelle Peters, an individual, demands judgment in her favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SIXTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Equifax)

109. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

110. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

111.     Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

112.     Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

g) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

113.    As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

114.    The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

115.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Michelle Peters, an individual, demands judgment in her favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## SEVENTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Wells Fargo)

116.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

117.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

118.    Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

119.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

120.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the one listed above must report the results to other agencies which were supplied such information.

121.     The Defendant Wells Fargo violated 15 U.S.C. § 1681s-2(a) by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

122.     Specifically, the Defendant Wells Fargo continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the inaccurate and materially misleading account information.

123.     As a result of the conduct, action and inaction of the Defendant Wells Fargo, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

124.     The conduct, action and inaction of Defendant Wells Fargo was willful, rendering Defendant Wells Fargo liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

125.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Wells Fargo in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Michelle Peters, an individual, demands judgment in her favor against Defendant, Wells Fargo, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## EIGHTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Wells Fargo)

126.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

127.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

128.    Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

129.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

130.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the

information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

131.     Defendant Wells Fargo is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2b.

132.     After receiving the Dispute Notices from the Bureaus, Defendant Wells Fargo negligently failed to conduct its reinvestigation in good faith.

133.     A reasonable investigation would require a furnisher such as Defendant Wells Fargo to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

134.     Had Wells Fargo done a reasonable investigation they would have seen that the payment status on the account in question was being reported incorrectly.

135.     The conduct, action and inaction of Defendant Wells Fargo was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

136.     As a result of the conduct, action and inaction of the Defendant Wells Fargo, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

137.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Wells Fargo in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Michelle Peters, an individual, demands judgment in her favor against Defendant, Wells Fargo, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## NINTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to WebBank)

138.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

139.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

140.    Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

141.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

142.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the one listed above must report the results to other agencies which were supplied such information.

143.    The Defendant WebBank violated 15 U.S.C. § 1681s-2(a) by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

144.     Specifically, the Defendant WebBank continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the inaccurate and materially misleading account information.

145.     Furthermore, the verification of the credit reporting by WebBank to the Bureaus amounts to a willful action and a clear failure to follow the Metro-2 guidelines that furnishers are required to follow.

146.     As a result of the conduct, action and inaction of the Defendant WebBank, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

147.     The conduct, action and inaction of Defendant WebBank was willful, rendering Defendant WebBank liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

148.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant WebBank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Michelle Peters, an individual, demands judgment in her favor against Defendant, WebBank, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## TENTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to WebBank)

149.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

150.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

151.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

152.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

153.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

154.     Defendant WebBank is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2b.

155.     After receiving the Dispute Notice from Experian, Defendant WebBank negligently failed to conduct its reinvestigation in good faith.

156.     A reasonable investigation would require a furnisher such as Defendant WebBank to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

157.     Had WebBank done a reasonable investigation they would have seen that the past due balance on the account in question was being reported incorrectly.

158.     The conduct, action and inaction of Defendant WebBank was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

159.     As a result of the conduct, action and inaction of the Defendant WebBank, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

160.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant WebBank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Michelle Peters, an individual, demands judgment in her favor against Defendant, WebBank, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.


**ELEVENTH CAUSE OF ACTION**

**(Willful Violation of the FCRA as to CKS)**

161.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

162.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

163.     Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

164.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

165.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

166.     The Defendant CKS violated 15 U.S.C. § 1681s2-b; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to the credit reporting agencies.

167.     Specifically, CKS continued to report the account on the Plaintiff's credit report after being notified of her dispute.

168.     Additionally, Defendant CKS failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

169.     As a result of the conduct, action and inaction of the Defendant CKS, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

170.    The conduct, action and inaction of Defendant CKS was willful, rendering Defendant CKS liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

171.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant CKS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Michelle Peters, an individual, demands judgment in her favor against Defendant, CKS, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.


## TWELFTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to CKS)

172.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

173.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

174.    Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

175.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

176.   The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

177.   Defendant CKS is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

178.   After receiving the Dispute Notices from the Bureaus, Defendant CKS negligently failed to conduct its reinvestigation in good faith.

179.   A reasonable investigation would require a furnisher such as Defendant CKS to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

180.   Had CKS done a reasonable investigation they would have seen that the open date on the account in question was being reported incorrectly.

181.   Additionally, Defendant CKS failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

182.   The conduct, action and inaction of Defendant CKS was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

183.   As a result of the conduct, action and inaction of the Defendant CKS, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

184.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant CKS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Michelle Peters, an individual, demands judgment in her favor against Defendant, CKS, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## ELEVENTH CAUSE OF ACTION

### (Violation of the FDCPA as to CKS)

185.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

186.     Defendant CKS continued credit reporting and failure to notate the account as disputed, after receiving notice of the Plaintiff's dispute, is a violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e (2), 1692e (5), 1692e (8), 1692(10), and 1692f.

187.     As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

188.     Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a)  For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b)  For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c)  For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d)   For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e)  For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f)  For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

g)  For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

h)  For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3); 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

i)  For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.


Dated:  December 11, 2020


/s/Nakicha Joseph____
**Stein Saks, PLLC**
By:  Nakicha Joseph, Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 116
Fax: (201)-282-6501
njoseph@steinsakslegal.com