<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

August 24, 2021

Yaakov Saks, Esq.
Stein Saks, PLLC
285 Passaic Street
Hackensack, NJ 07601
*Attorney for Plaintiff Michelle Peters*

Peter Siachos, Esq.
Gordon Rees Scully Mansukhani, LLP
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
*Attorney for Defendant Webcollex, LLC*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

Re:   ***Michelle Peters v. Equifax Information Services, LLC, et al.***
      **Civil Action No. 20-18789 (SDW) (LDW)**

Counsel:

Before this Court is Webcollex, LLC's ("CKS" or "Defendant")[1] Motion to Dismiss Michelle Peters's ("Plaintiff") Complaint (D.E. 1 ("Compl.")) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Defendant's motion is **GRANTED** in part and **DENIED** in part.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a New Jersey resident bringing claims for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Compl. ¶¶ 3–5, 161–87.) Plaintiff alleges that Defendant is a debt collector that furnishes information to credit reporting agencies ("CRAs"), including information about a collection account that she has with Defendant. (*See id.* ¶¶ 18–20, 57–58.)

---

[1] Defendant is presently doing business as CKS Financial. (D.E. 42-1 at 1.)

According to the Complaint, Plaintiff became aware at some point that Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("Trans Union") (collectively, the "Bureaus") had prepared and issued credit reports reflecting an incorrect open date on Plaintiff's collection account with Defendant. (*Id.* ¶¶ 57–58.) On or around July 9, 2020, Plaintiff notified the Bureaus in separate letters that she disputed the accuracy of the reporting of her account activity with Defendant (the "Tradeline"), and Plaintiff believes and avers that the Bureaus notified Defendant of Plaintiff's disputes. (*Id.* ¶¶ 61–62.) However, Defendant failed to correct the error or mark the account as disputed despite this notice. (*Id.* ¶¶ 63, 65, 71.)[2] Plaintiff claims to suffer a reduced credit score as a result of Defendant's actions. (*Id.* ¶¶ 72–73.)

Plaintiff filed this suit on December 11, 2020, against Defendant, the Bureaus, Experian Information Solutions, Inc. ("Experian"), Wells Fargo Dealer Services, Inc. ("Wells Fargo"), and WebBank. (*See id.* ¶¶ 7–20.)[3] The Complaint alleges three counts against Defendant: willful violation of the FCRA, negligent violation of the FCRA, and violation of the FDCPA (the eleventh, twelfth, and thirteenth causes of action, respectively). (*Id.* ¶¶ 161–87.)[4] Defendant subsequently filed the instant motion to dismiss, and briefing was timely completed. (D.E. 42, 47, 48.)

## II.    LEGAL STANDARD

An adequate complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

---

[2] Plaintiff attaches her September 16, 2020, Trans Union credit report to her opposition brief. (D.E. 47-1.) The report notes Plaintiff's CKS account as a collection account that has been "[p]laced for collection," and that the open date of the account is February 28, 2020. (*Id.*) The report does not mark the CKS account as disputed. (*Id.*) Because Plaintiff references her credit reports throughout the Complaint, including reports that issued after she notified the Bureaus of her dispute on July 9, 2020, this Court may consider the attached credit report without converting the motion to dismiss to one for summary judgment. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

[3] This Court subsequently dismissed Plaintiff's claims against Experian, Equifax, Wells Fargo, Trans Union, and WebBank with prejudice in accordance with the parties' stipulations. (*See* D.E. 45, 51, 54, 58, and 60, respectively.) Thus, CKS is the only remaining defendant in this case.

[4] Plaintiff incorrectly labeled her thirteenth cause of action as the eleventh. (*See* Compl. ¶¶ 185–87.)

suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (discussing the *Iqbal* standard).

## III.   **DISCUSSION**

### A.   **FCRA Claims**

The FCRA was enacted "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010) (quotation omitted). The FCRA places duties on two types of entities: CRAs and "furnishers of information," which are entities that "report[] information relevant to a consumer's credit rating" to CRAs. *Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 446 (D.N.J. 2010) (citations omitted). The Complaint alleges that Defendant is a furnisher of information, and it must therefore adhere to the duties set forth in 15 U.S.C. § 1681s-2. (*See* Compl. ¶ 18.) These include the "duty to conduct an investigation into the completeness and accuracy of the information furnished in certain circumstances" under § 1681s-2(b). *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011).

To state a claim against a defendant furnisher under § 1681s-2(b), a plaintiff must allege that: (1) she sent notice of the disputed information to a CRA, (2) the CRA then notified the furnisher of the dispute, and (3) the furnisher failed to conduct a reasonable investigation and correct the inaccurate information. *See id.* at 359; *Ameri v. Equifax Info.*, Civ. No. 14-3319, 2015 WL 1275283, at *4 (D.N.J. Mar. 9, 2015). Here, Plaintiff alleges that: (1) she sent separate letters to CRAs (namely, the Bureaus) notifying them of the incorrect open date on her collection account with Defendant, (2) the CRAs notified Defendant of the dispute, and (3) Defendant failed to conduct a reasonable investigation and correct the inaccurate information, as evidenced by later credit reports. (*See* Compl. ¶¶ 61–65, 71.) Plaintiff contends that by reporting the date the account was referred to Defendant for collection instead of the opening date associated with the original account, Defendant re-aged the account, thereby enabling Defendant to continue reporting the account beyond the seven-year period permitted under the FCRA. (*See* D.E. 47 at 1, 7); 15 U.S.C. § 1681c(a)(4). In moving to dismiss, Defendant argues that Plaintiff's Complaint does not sufficiently allege that Defendant was informed of the dispute or that it failed to conduct a reasonable investigation. (*See* D.E. 42-1 at 6; D.E. 47 at 2.)

While Plaintiff does not plead specific facts to substantiate her allegation that the Bureaus reported the dispute to Defendant, she "believe[s] and therefore aver[s]" that the Bureaus notified Defendant of the dispute. (Compl. ¶ 62.) Courts in the Third Circuit allow cases to move forward with allegations based on "information and belief" if (1) the facts are "within the defendant's knowledge or control," and (2) the belief is based on factual information that makes the claim plausible. *McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 267–68 (3d Cir. 2016) (quotation omitted). That is precisely the case here. The facts of whether Defendant had notice of Plaintiff's Tradeline dispute and properly investigated it are within Defendant's possession and control and cannot be known to Plaintiff without discovery. CRAs "have a statutory obligation to provide furnishers of information with notice of any consumer disputes they receive," and this

obligation "enhances the plausibility of Plaintiff's allegation that the [Bureaus] provided notification of Plaintiff's dispute to Defendant[]." *Frederick v. Cap. One Bank (USA), N.A.*, Civ. No. 14-5460, 2015 WL 5521769, at *6 n.4 (S.D.N.Y. Sept. 17, 2015) (citing 15 U.S.C. § 1681i(a)(2)(A)), *amended on reconsideration*, 2015 WL 8484560 (Dec. 8, 2015). Furthermore, Plaintiff's belief that Defendant failed to conduct a reasonable investigation is based on the continued appearance of the incorrect open date on her credit report. "Courts have recognized that pleading that an investigation was unreasonable because inaccurate information remained on a credit report after complaints is sufficient at this early stage." *Gatanas v. Am. Honda Fin. Corp.*, Civ. No. 07-788, 2020 WL 7137854, at *3 (D.N.J. Dec. 7, 2020) (citations omitted). Plaintiff is therefore entitled to discovery on this issue and Defendant's motion to dismiss Plaintiff's FCRA claims will be denied.

### B.    FDCPA Claim

Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to [e]nsure that debt collectors who refrain from using abusive practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To state a claim under the FDCPA, a plaintiff must allege that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [statute] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014) (citation omitted). In moving to dismiss, Defendant argues that Plaintiff's FDCPA claim fails to sufficiently allege (1) that Defendant is a debt collector and (2) that Defendant violated a provision of the FDCPA in attempting to collect the debt. (*See* D.E. 42-1 at 7–9; D.E. 48 at 3–6.) This Court will address Defendant's arguments in turn.

The FDCPA defines a debt collector, in relevant part, as "any person . . . in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "An entity qualifies under the definition if the principal purpose of its business is the collection of any debts." *Barbato v. Greystone All., LLC*, 916 F.3d 260, 267 (3d Cir. 2019) (quotation marks omitted). In this case, Plaintiff alleges that Defendant was acting as a debt collector with respect to the collection of Plaintiff's debt, and Plaintiff's credit report identified Plaintiff's account with Defendant as a collection account that had been "[p]laced for collection." (Compl. ¶¶ 19–20; D.E. 47-1).[5] In view of the information on Plaintiff's credit report, Plaintiff's allegation that Defendant is a debt collector is certainly plausible, and this Court will not dismiss Plaintiff's FDCPA claim at the pleading stage on this basis.

---

[5] Plaintiff also points to Defendant's website, which represents that Defendant's primary business is debt collection and prominently identifies Defendant as "[a] 'responsible debt collector,'" even using the slogan "RESPONSIBLE DEBT COLLECTION" under its logo. *See* CKS FINANCIAL, https://www.cksfin.com (last visited Aug. 24, 2021). However, a district court should not take judicial notice of facts about a business, particularly at the pleadings stage, based on information contained in an unauthenticated website. *See Victaulic Co. v. Tieman*, 499 F.3d 227, 236–37 (3d Cir. 2007), *as amended* (Nov. 20, 2007).

4

Next, Plaintiff claims that Defendant's actions violated 15 U.S.C. §§ 1692d, 1692e, and 1692f. (Compl. ¶ 186.) Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation" to collect a debt. 15 U.S.C. § 1692e. Prohibited conduct includes "[t]he false representation of[] the character, amount, or legal status of any debt," "[c]ommunicating . . . to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed," and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt." *Id.* §§ 1692e(2)(A), (8), and (10). The Complaint sufficiently alleges that Defendant did precisely these things by continuing to report an incorrect open date for the debt after receiving notice, failing to investigate Plaintiff's dispute, and failing to report that the debt was disputed. (Compl. ¶¶ 61–65, 71); *see Foster v. E Partner Net*, Civ. No. 16-6118, 2017 WL 1375177, at *2–3 (D.N.J. Apr. 11, 2017) (noting that a plaintiff has a cause of action under § 1692e(8) if the defendant debt collector knew that the debt was disputed before it reported the debt to a CRA).

However, the remainder of Plaintiff's FDCPA claim must be dismissed. Under § 1692d, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Such conduct includes, for example: "[t]he use or threat of use of violence," "[t]he use of obscene or profane language," "[t]he publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency," "[t]he advertisement for sale of any debt to coerce payment," "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy," and "the placement of telephone calls without meaningful disclosure of the caller's identity." *Id.* The Complaint does not allege that Defendant's actions resulted in harassment, oppression, or abuse. (*See* Compl. ¶¶ 57–73, 185–87.) Nor do Plaintiff's allegations—that Defendant reported an incorrect open date and failed to conduct a reasonable investigation or correct its mistake—approach the types of egregious conduct illustrated by the statute's examples. *See Kaetz v. Educ. Credit Mgmt. Corp.*, Civ No. 16-9225, 2019 WL 4745289, at *5 (D.N.J. Sept. 30, 2019) (dismissing plaintiff's § 1692d claim for failing to factually allege that "[d]efendants called repeatedly or continuously or . . . with the intent to harass, oppress or abuse"). This portion of the claim must therefore be dismissed.

Section 1692f prohibits a debt collector from using any "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The section "is considered to be a catch-all provision for conduct that is unfair but is not specifically identified in any other section of the FDCPA." *Rush v. Portfolio Recovery Assocs., LLC*, 977 F. Supp. 2d 414, 432 (D.N.J. 2013) (citation omitted). "Courts have therefore determined that § 1692f cannot be the basis of a separate claim for complained of conduct that is already explicitly addressed by other sections of the FDCPA, . . . and routinely dismiss § 1692f claims when a plaintiff does not identify any misconduct beyond that which he asserts violates other provisions of the FDCPA." *Id.* (punctuation and citations omitted). Here, Plaintiff's Complaint does not identify any alleged misconduct beyond that which Plaintiff asserts violated other provisions of the FDCPA, nor does her opposition brief argue that she sufficiently alleged a claim under § 1692f. (*See* Compl. ¶¶ 185–87; D.E. 47 at 15–18.) This portion of the claim will therefore also be dismissed.

IV.     **CONCLUSION**

       For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's FDCPA claim under 15 U.S.C. §§ 1692d and 1692f.  The motion is otherwise **DENIED**.  An appropriate order follows.

    /s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     Parties
       Leda D. Wettre, U.S.M.J.